## No. 9208.

## LICHTENSTEIN BROS. & CO. VS. GILLETT BROTHERS.

Where the right of plaintiffs to maintain an attachment against the property of the defendants has been put at issue by an intervenor who claims possession of the property under seizure as a receiver appointed by the court of another State, and one of the defendants, a member of the commercial firm sued, confesses judgment for plaintiffs' debt in behalf of his firm, which confession is questioned as to its effect, and the cause has been submitted after evidence introduced and argument heard, and been taken under advisement, the judge should not replace the case on the docket in the same condition as when submitted. There were issues to be determined and he should have tried them.

Lichtenstein Bros. & Co  vs.  Gillet Brothers.

APPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

T. J. Semmes & Payne for Plaintiffs and Appellants.

Gibson, Hale & Montgomery and B. Titche for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J.  The plaintiffs attached a stock of merchandise alleged to belong to the defendants, non-residents of this State, found in the city of New Orleans.

E. A. Augier, a receiver appointed by the Fulton County Court of Georgia, in the course of insolvency proceedings in said court against the defendants, intervened in the suit, denied the right of the plaintiffs to proceed by attachment against the said Gillett Bros, and claimed by virtue of his receivership to be entitled to the possession of said property or the proceeds of the same.

One of the members of the firm of Gillett Bros., in the name of said firm, filed an answer acknowledging the correctness of plaintiffs' demand and confessing judgment therefor.

A curator ad hoc was appointed to represent the defendants, but he does not appear to have been cited, though after the cause was submitted he filed an answer containing the general issue.

The plaintiffs answered the intervention of Augier, receiver, by denying his right to stand in judgment, and alleged that the goods attached had been removed to this city before his appointment, and had been seized and sold under this and other attachments before his intervention had been filed.

The following formal submission of the cause appears in the record:
"This case came up this day,  *  *  *  and after hearing the pleadings, evidence and counsel having been submitted, the court took the same under advisement, with leave to file testimony taken by consent" —the same being filed on the 13th of February.

On the 5th of March following, the judgment was rendered (quoting):
"For the reasons assigned in the written opinion of the court this day delivered and filed, it is ordered that this case be remanded to the docket, to be proceeded with according to law."

From this judgment or order the plaintiffs, and Augier intervenor, have appealed.

There was another intervention on the part of the Queen City Cigar Company, claiming a preference on a portion of the funds derived from the sale of the property attached, but there was no appeal taken by this intervenor and no appearance in behalf of the intervention in this Court.

A reading of the above judgment shows that it was not a final judgment in the case. It decided no issue raised by the pleadings. It did not pretend to do so; but on the contrary the judge *a quo* declined to try or determine the cause and virtually, under the terms of the alleged judgment, set aside the order of submission and reinstated the case in the condition it was before submitted.

Under these circumstances this Court cannot undertake to try the case on its merits, for that would virtually be exercising original jurisdiction. There is no motion to dismiss the appeal on the ground of the judgment or order in question, being merely interlocutory. The transcript, however, shows that there were distinct issues raised between the plaintiffs and the intervenor, Augier, by their respective pleadings, calling for determination, even should we leave out of view the formal answer filed by the plaintiffs to this intervention.

In regard to the effect to be given to the confession of judgment by one of the defendants, and whether this confession affected the firm of Gillett Br Js. or the property attached, or even the member of the firm making the confession, personally, we cannot now determine; but it was a matter that should have been determined by the lower court.

There appears, as stated above, to have been an answer filed by the *curator ad hoc* after the order or judgment in question was signed, and though too late to be taken into consideration by the judge before rendering his order, yet in the event of another trial it may be regarded as creating an issue between plaintiffs and defendants. Our conclusion is to remand the case which we find at issue.

It is, therefore, ordered, adjudged and decreed that the decree appealed from be annulled and set aside, and the cause be remanded with instructions to the judge of the lower court to try and determine the issues presented by the pleadings, the costs to abide the final determination of the case.